

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXX XXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-5408
Re: Construction of Senate Bill
No. 2, Acts Regular Session
48th Legislature.

This will acknowledge receipt of your letter of June 15th, requesting the opinion of this Department as to whether Senate Bill No. 2, Acts of the 48th Legislature, authorizes and requires all officers and employees of this State and its agencies, instrumentalities, political sub-divisions, and municipalities to comply with the withholding provisions of the "Current Tax Payment Act of 1943."

Senate Bill No. 2 reads as follows:

"An ACT requiring all officers and employees of the State, its agencies, instrumentalities, political-cal subdivisions and municipalities, having control over the payment of any salaries or wages to public officers or employees, to comply with the provisions of the Federal Revenue Act of 1942 requiring the withholding of the five per cent (5%) Federal Victory Income Tax from wages paid public officers and employees so long as the United States of America is at war with Germany, Japan or Italy; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS

"Section 1. For the duration of the present war, all officers and employees of this State and its agencies, instrumentalities, political subdivisions and municipalities, having control over the payment of any salaries or wages to public officers or employees, are hereby authorized and required to comply with the

provisions of the Federal Internal Revenue Act
of 1942, requiring the withholding of the five
per cent (5%) Federal Victory Income Tax from
wages paid public officers and employees.  Any
expenses involved in complying with the provis-
ions of this law may be paid from existing or
future appropriations.  The provisions of this
Act shall be in force and effect only so long
as the United States of America is at war with
Germany, Japan or Italy.

"Sec. 2.  The fact that there is doubt as
to the authority of the Federal Government to
impose duties on State officers and employees,
as such, without the consent of the State, and
the State of Texas being desirous of cooperating
to the fullest degree with the Federal Govern-
ment in its effort to collect taxes to finance
the war effort, creates an emergency and an im-
perative public necessity that the Constitution-
al Rule requiring bills to be read on three sever-
al days in each House be suspended, and said Rule
is hereby suspended, and that this Act shall take
effect from and after its passage, and it is so
enacted."

We quote the following paragraph from your letter:

"The Congress has recently enacted what is
commonly referred to as the 'Current Tax Payment
Act of 1943,' which provides for the current col-
lection of income taxes on individuals which are
already imposed by the Internal Revenue Code.  No
new taxes are imposed by this Act nor are any
old ones removed.  This Act will effect the col-
lection of tax as income as earned.  The 'Cur-
rent Tax Payment Act of 1943' changes the method
in collecting Federal Victory Income Taxes and,
in effect, substitutes therefor the current pay-
ment of income taxes."

We think it clear that the reference in S. B. No.
2 to the provisions of the Federal Internal Revenue Act of
1942 was not intended to restrict the application of the
policy adopted by the Legislature of co-operation with the
Federal Government in the collection of taxes during the on-

istence of the present war, to the provisions of that particular enactment. Rather, the reference to the Federal Internal Revenue Act of 1942 was merely for the purpose of identification of the policy enacted by the Federal Congress with respect to withholding taxes from wages paid public officers and employees, with which policy the Legislature of this State determined, by S. B. No. 2, to co-operate.

This, we think, is made clear by observing that the State could have legitimate concern only with the question whether its public officers and employees, as such, should be required to assume the obligation to the Federal Government of withholding from salaries or wages paid to public officials and employees taxes on income due to the Federal Government under the laws promulgated by the Congress of the United States. Other provisions of the law could not legitimately concern the State as such, for the State's action or non-action could not reduce the liability of the officers and employees of the State to the Federal Government for income taxes due on salaries or wages earned by them, nor could the State, by action or non-action, in anywise impede or restrict the operation of provisions of the Federal Taxing Act affecting public officers and employees in their capacity as private citizens.

These observations make it plain that the only object or purpose of the passage of S. B. No. 2 was to give the consent of the State that the Federal Government might impose the duty on State officers and employees as such to withhold, at the source, from salaries and wages paid to public officers and employees, income taxes assessed by the Federal Government. That this is the true object and purpose of the enactment is emphasized by the recitations of the emergency clause, incorporated in Section 2 of the enactment.

To reach any other conclusion we must attribute to the Legislature the intent to co-operate with the Federal Government only in the collection of the "Victory" Income Tax in the amount of <u>five per cent</u>, <u>no more and no less</u>, as such tax is provided for in the Internal Revenue Act of 1942, <u>and in no other act of the Congress</u>. Such construction would require the holding that, if the Congress, in the Internal Revenue Act of 1943, should reduce the Victory Income Tax to <u>one per cent</u> or raise it to <u>seven per cent</u>, the legislative consent given in S. B. No. 2 should not apply. To give the Act such a narrow and literalistic interpretation is to observe the form and ignore the substance. Rather, we think, the Act

evinces a legislative intent to give its consent that the Congress, during the war, may require officers and employees of this State and its instrumentalities having control as such ever the payment of salaries and wages to withhold from such wages and salaries Federal income taxes assessed thereon against the persons to whom the wages or salaries are due.

Since the chief effect of the Current Tax Payment Act of 1943 to apply the withholding provisions of the Federal Internal Revenue Act of 1942 not only to the Federal Victory Income Tax, but also to taxes on income generally, you are advised that, in the opinion of this Department, S. B. No. 2. required all officers and employees of this State, its agencies, instrumentalities, political subdivisions, and municipalities, to comply with the withholding provisions of the Current Tax Payment Act of 1943.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        R. W. Fairchild

RWF-MR//pam
APPROVED July 1, 1943
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

IT:P:T:2
RFD-5

0-5408
Treasury Department
Washington 25
March 4, 1947

Collector
Post Office Box 1150
Austin, Texas

Reference is made to your letter dated February 18,
1947, transmitting a letter dated February 11, 1947 from Charles B.
Moore, State Representative of the 87th Legislative District of Texas,
concerning the withholding of Federal Income Tax on $10.00
per day received by Members of the State Senate and House of Representa-
tives while attending sessions of the State Legislature at Austin, Tex-
as. Mr. Moore inquires whether or not the per diem of $10.00
per day is subject to withholding tax.

The per diem in question is authorized by Article III, Sec-
tion 24 of the Constitution of Texas, entitled "Mileage and Per
Diem." This article authorizes, in addition to mileage, the payment
to Members of the Legislature of a per diem of not exceeding $10.00
per day for the first 120 days of each session and after that no ex-
ceeding $5.00 per day for the remainder of the session.

While the article referred to does not specifically state
the $10.00 per diem to be in lieu of subsistence, it appears that it
was intended to compensate legislators for expenses incurred while at-
tneding sessions of the Legislature in Austin, Texas.

Accordingly, this office holds that the per diem allowance
paid under the provisions of Article III, Section 24 of the Con-
stitution of Texas, entitled "Mileage and Per Diem" does not constitute
"wages" within the meaning of section 1621 of the Internal Revenue
Code and is not subject to withholding of Federal income tax at
source under section 1622 of the Code.

The per idem allowance should, however, be included in gross
income for Federal income tax purposes. In computing net income,
such part of the allowance as is expended in connection with the
performance of official duties may be taken as a deduction under
Section 23(a)(1)(A) of the Internal Revenue Code.

(Signed) E. L. McLarney
Deputy Commissioner

FBP:sc///PAM                    March 7, 1947


Honorable Charles B. Moore
House of Representatives
State Capitol
Austin, Texas

Dear Mr. Moore:

Reference is made to your letter of the 11th ultimo,
addressed to me concerning the taxability of the
$10.00 per day received by Members of the Legislature
as per diem while attending the State Legislature,
with special reference as to whether this $10.00 is
subject to withholding tax.

You are advised that I submitted this question to the
Legal Department of the Bureau of Internal Revenue at
Washington, D. C. for an opinion. I am enclosing you
a copy of the decision dated March 4, 1947. You will
note that this opinion holds that the $10.00 per diem
is not subject to withholding tax. You will also
note in the last paragraph of this opinion that the
ruling holds that the $10.00 should be included in
gross income for Federal Income Tax purposes and that
deductions may be taken in connection with performance
of official duties as provided in section 23 (a) (1)(A)
of the Internal Revenue Code.

A copy of this letter and a copy of the ruling is be-
ing furnished to Honorable Price Daniels, Attorney
General of Texas, and Honorable George H. Sheppard,
Comptroller of Public Accounts, that these officials
may be guided accordingly.

                        Very truly yours,

                        (Signed)

                        Frank Scofield,
                        Collector

Encl. 1
cc/Honorable Price Daniels
    Honorable George H. Sheppard